No. 24-10463

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

IN RE CHAMBER OF COMMERCE OF THE UNITED STATES
OF AMERICA; FORT WORTH CHAMBER OF COMMERCE;
LONGVIEW CHAMBER OF COMMERCE; AMERICAN BANKERS
ASSOCIATION; CONSUMER BANKERS ASSOCIATION;
TEXAS ASSOCIATION OF BUSINESS,

*Petitioners*.

On Petition for a Writ of Mandamus to the
United States District Court for the
Northern District of Texas, Fort Worth Division

Case No. 4:24-cv-213

**RESPONDENTS' MOTION FOR
IMMEDIATE ISSUANCE OF THE MANDATE**

Seth Frotman
  *General Counsel*
Steven Y. Bressler
  *Deputy General Counsel*
Kristin Bateman
  *Assistant General Counsel*
Joseph Frisone
Justin M. Sandberg
  *Senior Counsel*
Stephanie B. Garlock
  *Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
(202) 435-7201
stephanie.garlock@cfpb.gov

On June 18, 2024, this Court granted Plaintiffs' petition for a writ of mandamus and directed the district court to vacate its May 28 order transferring this case regarding the Consumer Financial Protection Bureau's Credit Card Penalty Fee Final Rule (Late Fee Rule) to another district. Under this Court's default procedures, the mandate is set to issue on August 12, 2024, after the deadline to petition for rehearing has passed. Because the Bureau does not plan to petition for rehearing, and because the continued pendency of this proceeding creates some uncertainty about the posture of the case in the district court, the Bureau respectfully requests that the Court issue its mandate forthwith. Plaintiffs take no position on the requested relief.

1. Plaintiffs filed a complaint seeking injunctive and declaratory relief regarding the Late Fee Rule in the U.S. District Court for the Northern District of Texas. *See* Compl., Dist. Ct. ECF No. 1. As relevant here, on May 28, 2024, the district court transferred the case to the U.S. District Court for the District of Columbia under 28 U.S.C. § 1404. *See* Order, Dist. Ct. ECF No. 96. That same day, Plaintiffs petitioned this Court for a writ of mandamus seeking to reverse the transfer order. *See* Petition, ECF No. 2. On June 18, this Court granted that petition and directed the district court to vacate its transfer order. *See* Mandamus Op. at 25, ECF No. 42. In that opinion, the Court noted that, because it had stayed that transfer order before it was docketed in the transferee court, there was "no need to

1

direct the district court to reopen the case and request the case back." *Id.* at 25 n.94.

2. The mandate is currently set to issue on August 12, 2024. *See* Text Accompanying ECF No. 42.

3. Under this Court's default procedures, mandates generally "issue promptly on the 8th day after the time for filing a petition for rehearing expires." 5th Cir. I.O.P. 41. "As an exception" to that rule, the Court may "direct[]" the clerk to "immediately issue the mandate" in certain enumerated circumstances, as well as "in such other instances as the Court may direct." *Id.*

4. The Bureau hereby relinquishes any right to petition for panel or en banc rehearing of the Court's June 18, 2024, opinion. Because the issuance of the mandate ordinarily follows the deadline for such a rehearing petition, there is no longer any need for this Court to delay issuing the mandate.

5. Issuing the mandate promptly would also allow this case to resume in the district court. Although petitions for writs of mandamus do not automatically stay district court proceedings or interrupt the jurisdiction of that court, *see Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995), the procedural posture of this case—where the Court reviewed an order that would have otherwise transferred the case off the district court's docket—is an unusual one. The district court has stated that it currently lacks jurisdiction and will wait until the mandate issues from

this Court before accepting any filings or considering any motions. *See* Order, Dist. Ct. ECF No. 102. Accordingly, the Bureau respectfully requests that the Court issue the mandate forthwith.

6. On July 10 and 11, counsel for the Bureau corresponded via email with counsel for Plaintiffs, who stated that Plaintiffs take no position on the motion.

Dated:  July 11, 2024                        Respectfully submitted,

        Seth Frotman
           *General Counsel*
        Steven Y. Bressler
           *Deputy General Counsel*
        Kristin Bateman
           *Assistant General Counsel*

        */s/ Stephanie B. Garlock*
        Stephanie B. Garlock
           *Counsel*
        Joseph Frisone
        Justin M. Sandberg
           *Senior Counsel*
        Consumer Financial Protection Bureau
        1700 G Street, NW
        Washington, DC 20552
        (202) 435-7201
        stephanie.garlock@cfpb.gov

        *Counsel for Respondents*

**CERTIFICATE OF SERVICE**

On July 11, 2024, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. Counsel for all participants are registered CM/ECF users, and service on them will be accomplished by the CM/ECF system.

*/s/ Stephanie B. Garlock*
Stephanie B. Garlock

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 562 words. The motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Office 365 Pro Plus in Times New Roman 14-point font, a proportionally spaced typeface.

*/s/ Stephanie B. Garlock*
Stephanie B. Garlock